E-FILED
Thursday, 11 June, 2026 02:45:22 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| QUINTARIO RISBY,<br>    Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | Case No. 24-cv-3237 |
| MARK LANDERS, PAUL A. BECKER,<br>and D. MCKENZIE,<br>    Defendants. | ) <br> ) <br> ) <br> ) | |

### OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Defendants' Motions to Dismiss. (Docs. 16, 26).

## I.    PROCEDURAL BACKGROUND

Plaintiff Quintario Risby, proceeding *pro se*, brings claims against two Sheriff's Deputies in the Logan County Sheriff's Office, Paul Becker and D. McKenzie (the "Deputies"), and the Logan County Sheriff, Mark Landers, in their individual capacities only. (Doc. 3). Plaintiff alleges Defendants violated the Fourth Amendment's prohibition against unreasonable searches and seizures, the Fourteenth Amendment's equal protection guarantee, and the First Amendment's free exercise clause. (*E.g., id.* at ¶¶ 110–12). Becker and Landers are also alleged to have violated his "Sixth Amendment" due process rights. (*Id.* at ¶ 119). Plaintiff additionally brings negligence, evidence spoliation, and malicious prosecution claims against all Defendants. Defendants moved to dismiss all claims against them. (Docs. 16, 26).

## II.     FACTUAL BACKGROUND

In January 2023, Plaintiff and his brother, who are African American, were pulled over by McKenzie on a windy, snowy night for a non-functioning headlight. (Doc. 3 at ¶¶ 9–10, 12–13, 16). Plaintiff and his brother had been chain-smoking cigarettes in the car with the windows closed prior to the traffic stop. (*Id.* at ¶ 14). There were also bottles of cologne and scented prayer oils visible in the console between the front seats. (*Id.* at ¶¶ 18, 112). McKenzie approached the vehicle and asked for identification and insurance. (*Id.* at ¶ 19). Based on the odor from the vehicle, McKenzie asked whether there was cannabis in the vehicle which both occupants denied. (*Id.* at ¶¶ 21–23).

After running the occupants' identifications through a database, McKenzie mistakenly believed Plaintiff was on probation or supervised release. (*Id.* at ¶¶ 27–28). McKenzie called for backup because he intended to search the vehicle based on the cannabis odor and his belief Plaintiff was on a form of probation. (*Id.* at ¶ 29). Deputy Becker and McKenzie's supervisor, Deputy LaSanska, arrived at the scene over ten minutes later. (*Id.* at ¶¶ 30–31, 51). McKenzie told the officers he was "getting faint smells" of cannabis and that Plaintiff's brother "seemed a little [wary]." (*Id.* at ¶ 31). McKenzie returned to Plaintiff's vehicle and informed the passengers he was going to search the vehicle because he smelled cannabis and they were on probation. (*Id.* at ¶ 33, 40). Plaintiff and his brother denied the use of cannabis and informed McKenzie they were not on probation. (*Id.* at ¶¶ 37, 39, 41-43). After reviewing the database information

for a second time, McKenzie realized neither passenger was on probation, parole, or supervised release. (*Id.* at ¶¶ 46–48). He informed Becker of his mistake. (*Id.* at ¶ 48).

Plaintiff alleges McKenzie and Becker had a discussion in one of their patrol vehicles about whether probable cause existed to search Plaintiff's car. (*Id.* at ¶¶ 49-50, 53, 55). At one point during the audio-video recorded conversation, Becker lowered his voice below the threshold of the recording equipment and whispered something inaudible to McKenzie. (*Id.* at ¶ 55). McKenzie responded, "I could smell it earlier. It was faint, and I could smell the cigarette, so . . . ." (*Id.* at ¶ 56). Becker responded: "That's fine." (*Id.* at ¶ 57). During the encounter with the suspects, McKenzie had a drug-sniffing canine in his vehicle but it was not deployed. (*Id.* at ¶ 65).

McKenzie returned to Plaintiff's vehicle and informed them he was still going to search the car due to the smell of cannabis. (*Id.* at ¶ 69). McKenzie and LaSanska searched the vehicle and found an "extraordinarily small" handgun under the backseat but did not find cannabis or paraphernalia. (*Id.* at ¶¶ 73–76, 84). Both passengers were arrested and charged with unlawful possession of a weapon by a convicted felon under 720 ILCS 5.0/24-1.1(a). (*Id.* at ¶¶ 79, 83). Plaintiff's brother pleaded guilty and a jury acquitted Plaintiff. (*Id.* at ¶¶ 91, 95).

## III.   DISCUSSION

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a

motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. *Id.* at 458. To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *Id.* The complaint must do more than assert a right to relief that is "speculative." *Virnich v. Vonvald*, 664 F.3d 206, 212 (7th Cir. 2011).

### B. Analysis

#### (1) Federal Claims

##### a. *Respondeat Superior* Theories of Liability

Plaintiff's claims against Sheriff Landers are predicated on the doctrine of *respondeat superior*. (*See* Doc. 3 at ¶¶ 4, 123). The Complaint alleges Landers failed to implement proper policies and is individually liable for the alleged civil rights violations committed by the Deputies. (*Id.* at ¶ 123). However, § 1983 "does not allow actions against individuals merely for their supervisory role of others. An individual cannot be held

liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (internal quotation marks omitted); *see also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) ("The doctrine of *respondeat superior* does not apply to § 1983 actions."). Therefore, Plaintiff's claims against Landers are dismissed as there are no allegations of Landers' personal involvement in the wrongdoing.

The supplemental state claims against Landers are also dismissed as no federal claim remains against him. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."); *Ryan v. Illinois Dep't of Child. & Fam. Servs.*, 185 F.3d 751, 765 (7th Cir. 1999) (affirming denial of supplemental jurisdiction on state law claim against several defendants when all federal claims against those defendants were dismissed, even though viable federal claims still existed against other defendants). On the other hand, Becker, although pleaded as a supervisor to McKenzie, is alleged to have been personally involved in the decision to search the car and arrest Plaintiff. Accordingly, the limitation on *respondeat superior* liability does not defeat the federal claims against Becker as it does with Landers.[1]

---

[1] Insofar as any claim against Becker is predicated on his *supervisory* role, those claims are dismissed. *Zimmerman*, 226 F.3d at 574.

### b. Fourth Amendment Claim for False Arrest

The Deputies argue they had probable cause to stop and arrest Plaintiff.[2] If an "officer had probable cause to believe that the person he arrested was involved in criminal activity, then a Fourth Amendment claim for false arrest is foreclosed." *Holmes v. Vill. of Hoffman Est.*, 511 F.3d 673, 680–81 (7th Cir. 2007); *see also Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016) ("To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest."). The Complaint acknowledges Plaintiff was lawfully stopped and indicates Plaintiff was arrested because the Deputies believed he was a felon in possession of a weapon. Plaintiff does not dispute he is a felon and concedes a handgun was found in his car. The fact that the handgun was found only after an alleged prolonged detention and unlawful search "does not make it any less relevant to establishing probable cause for the arrest because the exclusionary rule does not apply in a civil suit under § 1983 against police officers." *Martin v. Marinez*, 934 F.3d 594, 599 (7th Cir. 2019).

Plaintiff contends the handgun only established probable cause to arrest his brother because it was not in plain view or readily accessible to him and Plaintiff did nothing to conceal the handgun during the stop. (Doc. 3 at ¶¶ 76, 78). Due to his brother's size, Plaintiff further argues the handgun was "too extraordinarily small for the Plaintiff's grip and would have been more appropriate for the diminutive passenger." (*Id.* at ¶ 84).

---

[2] The Deputies omit discussion concerning whether they had probable cause to search Plaintiff's car. To the extent Plaintiff brings a claim based on the alleged unlawful search (and it appears that he does), the claim stands.

Plaintiff relies on *People v. Martin* to argue the Deputies did not have probable cause to believe he possessed the handgun. 1 Ill. App. 3d 798 (3d Dist. 1971). In *Martin*, a state criminal conviction for Unlawful Use of Weapons was reversed because evidence showed the firearm police recovered from the backseat of a car was possessed by the backseat passenger—not the defendant who had been driving. *Id.* at 798–99. "Probable cause exists at the time of arrest when reasonably trustworthy information, facts and circumstances would lead a prudent person to believe that a suspect had committed or was committing a crime." *Neiman v. Keane*, 232 F.3d 577, 580 (7th Cir. 2000). However, the Court cannot determine at this stage whether the arrest was supported by probable cause. "Generally, whether there is probable cause is a jury question, but when there is no room for difference of opinion concerning the facts or the reasonable inferences to be drawn from them, a court may decide the issue." *Id.* (internal quotation marks omitted). The alleged circumstances here, taken together and construed in the light most favorable to Plaintiff, may support a factfinder's reasonable inference that Plaintiff could not have appeared to possess the gun and, accordingly, he was arrested without probable cause. Because there is room for difference of opinion at least on these pleadings, the false arrest claim stands.[3]

---

[3] Defendant relatedly argues Plaintiff's claims should be dismissed because he only alleges non-recoverable damages associated with his detention. This argument is unavailing because 1) Plaintiff has sufficiently alleged a claim for false arrest, 2) determining damages or lack thereof is premature at this stage, and 3) Fourth Amendment violations may be vindicated by awarding nominal damages. *See Martin*, 934 F.3d at 605 (upholding an award of nominal damages for a plaintiff stopped by officers without reasonable suspicion).

**(2) State Claims**

  a. **Immunity**

Becker and McKenzie argue the state claims against them are barred by the Governmental Tort Immunity Act ("TIA"). The TIA provides protection by furnishing "an extensive list of immunities based on specific government functions." *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 43 (Ill. 1998) (internal quotation marks omitted). At the pleadings stage, a defendant must show his immunity is "apparent on the face of the complaint." *Brookens v. Springfield Sch. Dist. No. 186*, 2024 IL App (4th) 240126-U, ¶ 19 (citing *Van Meter v. Darein Park Dist.*, 207 Ill. 2d 359, 370, 377 (Ill. 2003)).

McKenzie and Becker argue they are immune from Plaintiff's negligence claim because, "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. However, although Plaintiff does not use the phrase "willful and wanton," the negligence claim, liberally construed, alleges McKenzie and Becker acted willfully and wantonly. *See Doe v. Coe*, 2019 IL 123521, ¶ 78. ("[W]illful and wanton conduct is regarded as an aggravated form of negligence. A plaintiff must allege and prove the same elements for a willful and wanton cause of action as she does for a negligence action." (internal citations omitted)). The Complaint alleges McKenzie fabricated a reason to search Plaintiff's vehicle and could not have possibly smelled cannabis. Plaintiff lists several factors suggesting McKenzie did not and could not have smelled cannabis: Plaintiff and his brother had been chain-smoking; cologne and scented

prayer oils were in the console; the window was only slightly opened; the night was windy and McKenzie was upwind of the car when he claimed to smell cannabis; and no cannabis was found in the car. As to Becker, he allegedly conspired with McKenzie to search Plaintiff's vehicle without probable cause and whispered to McKenzie to avoid being recorded.

Illinois courts have held that whether conduct is willful and wanton is a factual question. *Andrews v. Metro. Water Reclamation Dist. of Greater Chicago*, 2018 IL App (1st) 170336, ¶ 17 *aff'd*, 2019 IL 124283 (reversing dismissal of a claim alleging willful and wanton conduct at the pleading stage). Accordingly, district courts have reasoned that Section 2-202 "is generally not an appropriate basis for dismissal at the pleading stage, since whether the conduct is sufficiently willful and wanton is ordinarily a question of fact for the jury and rarely should be ruled upon as a matter of law." *Robinson v. Crot*, No. 23 CV 14805, 2024 WL 1603485, at *3 (N.D. Ill. Apr. 12, 2024) (internal quotation marks omitted). Consistent with this principle, the Court finds Plaintiff's negligence allegations plausibly indicate McKenzie and Becker were acting willfully and wantonly. Therefore, the Deputies have not justified immunity under Section 2-202 at this stage.

Becker further asserts he is immune from liability for the acts and omissions of McKenzie under Section 2-204 of TIA, because a public employee "acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." 745 ILCS 10/2-204. The Court agrees with Becker's assertion and dismisses Plaintiff's state claims to the extent they seek to hold Becker liable for the acts

and omissions of others such as McKenzie. But as described above, once Becker arrived at the scene he is alleged to have *personally* and jointly acted with McKenzie to violate Plaintiff's rights and "explicitly authorized" the unlawful search of Plaintiff's vehicle. (Doc. 3 at ¶ 114). Therefore, he is not entitled to immunity under Section 2-204.

### b. Spoliation of Evidence

Plaintiff brings a spoliation of evidence claim alleging Becker intentionally deprived him of key probable cause evidence. (*Id.* at ¶ 120). Specifically, Becker lowered his voice so the recording equipment in the police vehicle did not record part of the conversation he had with McKenzie regarding probable cause. In Illinois, "spoliation of evidence is a form of negligence." *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270, ¶ 26. To prove spoliation of evidence, a Plaintiff must prove: "(1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages." *Id.* Here, no evidence existed for Defendants to spoil. Plaintiff does not claim Becker lost or destroyed evidence. Rather, he alleges Becker's whispering prevented evidence from being created. Plaintiff does not cite to any case supporting the proposition that Becker violated an evidentiary duty by inaudibly whispering to McKenzie. The spoliation of evidence claim is dismissed.

### c. Malicious Prosecution

"To establish a claim for malicious prosecution under Illinois law, plaintiffs must establish five elements: (1) commencement or continuation of an original proceeding [by the defendant]; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages." *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016). Malicious prosecution actions against arresting officers, like Becker and McKenzie, are "anomalous" as "the State's Attorney, not the police, prosecutes a criminal action." *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996) (quoting *Albright v. Oliver*, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring)). Accordingly, "a plaintiff may not maintain a malicious prosecution claim against an arresting officer without first showing some post-arrest action which influenced the prosecutor's decision to indict." *Colbert v. City of Chicago*, 851 F.3d 649, 655 (7th Cir. 2017) (internal quotation marks omitted).

Here, Plaintiff has not alleged any specific post-arrest action the Deputies took that influenced the State's decision to prosecute him. The Complaint states McKenzie and Becker provided "false or misleading information to the prosecutor" but does not indicate what post-arrest information was provided or how that information influenced the prosecutors' decision to pursue Plaintiff's case. Plaintiff also alleges the case against him should have been dismissed after his brother pleaded guilty. That decision is made by the State, not the arresting officers. Therefore, Plaintiff's malicious prosecution claim is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED in part and DENIED in part. (Docs. 16, 26). Plaintiff's claims for malicious prosecution and evidence spoliation are dismissed without prejudice. All claims against Defendant Landers are dismissed. Plaintiff is granted leave to file an amended complaint within 21 days of the entry of this Order.

ENTER: 6/10/2026

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE